**Bonnie L. GIBSON, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**No. 01–CV–6434L.**

United States District Court, W.D. New York.

July 25, 2002.

Paul M. Ryther, East Bloomfield, NY, for Plaintiff.

Brian M. McCarthy, Asst. U.S. Attorney, Rochester, NY, for Defendant.

### DECISION AND ORDER

LARIMER, Chief Judge.

### INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("the Commissioner") that plain-

tiff, Bonnie L. Gibson, is not disabled under the Social Security Act, and therefore, is not entitled to Social Security disability insurance ("SSDI") benefits. As discussed below, the Commissioner's decision is reversed, and this case is remanded for further development of the administrative record.

### BACKGROUND

Plaintiff Bonnie L. Gibson was born on August 21, 1955. (Tr. 72.)[1] Her previous work experience includes work as a cleaner, laborer and seamstress. (Tr. 79–84.) This work required her to sit or stand between six and eight hours per day, and bend either frequently or constantly. (*Id.*)

Plaintiff fell at work and injured her back on November 2, 1993 (Tr. 31, 109), and received workers' compensation benefits from the time of her injury until sometime in 1995. (Tr. 31.) A prior application for SSDI concerning the same injury was denied on reconsideration in August, 1995. (Tr. 92.)

Plaintiff again applied for SSDI benefits on February 25, 1998, alleging that cervical cancer, osteoarthritis, low back pain and degenerative disc disease became disabling on November 2, 1993. (Tr. 72, 85.) Her application for SSDI was denied initially and on reconsideration. (Tr. 56, 62.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on September 15, 1999. (Tr. 24–52.) The ALJ decided that plaintiff was not entitled to benefits and denied her claim. (Tr. 15–21.) The ALJ's decision became the Commissioner's final decision on July 10, 2001, when the Appeals Council denied plaintiff's request for review. (Tr. 4–5.) Plaintiff commenced this action on September 6, 2001, seeking re-

---

1. "Tr.—" refers to the page of the transcript of the Administrative Record filed by the Com- missioner with her Answer.

view of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

In order to qualify for SSDI benefits, the plaintiff must have been disabled on or before the date her insured status expired. 42 U.S.C. §§ 423(a)(1)(A), 423(c)(1); 20 C.F.R. §§ 404.130, 404.131(b), 404.315(a). It is undisputed that plaintiff's insured status expired on December 31, 1996. (Tr. 19, 75, 76–78.)

*Legal Standards*

■■■ The Commissioner's decision that plaintiff was ineligible to receive SSDI benefits must be affirmed if it is supported by substantial evidence. 42 U.S.C. § 405(g); *see also Rivera v. Sullivan,* 923 F.2d 964, 967 (2d Cir.1991). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842(1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Thus, "[i]t is not the function of a reviewing court to decide *de novo* whether a claimant was disabled." *See Melville v. Apfel,* 198 F.3d 45, 52 (2d Cir.1999). Therefore, the Court must determine whether the ALJ's determination that plaintiff was not disabled prior to the expiration of her insured status is supported by substantial evidence.

*Failure to Develop the Administrative Record*

The Commissioner argues that there is insufficient evidence in the record to support a finding that plaintiff was disabled on or before December 31, 1996. In this regard, the Commissioner is correct. The administrative record contains a four-year gap in the records of plaintiff's treating physician, Joseph DePra, M.D. from 1994

until 1998 (Tr. 114–120), as well as a complete absence of medical records from specialist Dr. Devaney, who treated plaintiff repeatedly after her work-related accident. (Tr. 34, 88.) This lack of information prevents a finding that plaintiff was disabled before her insured status expired. However, it likewise prevents the Commissioner from finding plaintiff was not disabled during this period.

■■■ Social Security hearings are non-adversarial in nature. Thus, "[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *See Sims v. Apfel,* 530 U.S. 103, 111, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000). Moreover, "where there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history 'even when the claimant is represented by counsel or ...by a paralegal.'" *See Rosa v. Callahan,* 168 F.3d 72, 79 (2d. Cir.1999)(quoting *Perez v. Chater,* 77 F.3d 41, 47 (2d. Cir.1996)).

■■■ Here, the ALJ failed to adequately develop the administrative record. There is no evidence indicating that the ALJ requested any of the missing records from plaintiff's treating physicians. An incomplete record such as this prevents any finding as to plaintiff's disability status prior to 1997. I find thoroughly unpersuasive the Commissioner's argument that the four-year gap in plaintiff's medical records indicates that "she essentially had no treatment of any consequence from [1994] until 1998," and that this is evidence she was not disabled during that period. Commissioner's Motion for Judgment on the Pleadings (Dkt. # 8), pp. 17–18.

At the administrative hearing, plaintiff testified that she had seen Dr. Devaney two or more times between 1995 and 1996. (Tr. 34.) This admission indicates that medical treatment occurred during the

time period missing from the record. This information should have prompted the ALJ to take action to fill the gap in the record. Additionally, plaintiff is correct that her workers' compensation files should have been made part of the record, as they likely contained medical evidence relevant to her insured period.[2]

 Similarly, I do not believe the record, in its present form, contains sufficient support for plaintiff's assertion that remand for benefits calculation is appropriate. A great majority of the information pertaining to plaintiff's medical condition during the insured status period is absent. The Court cannot remand solely for the calculation of benefits where such a gap in the record exists. "Only where the Court has no apparent basis to conclude that a more complete record might support the Commissioner's decision may it opt simply to remand for a calculation of benefits." *See Rosa,* 168 F.3d at 83.

The inadequacy of the administrative record leaves me no choice but to remand this case to the Commissioner. The delay that such a remand entails is indeed unfortunate, but until the record is clarified in a thorough and proper manner, and a proper decision is rendered on a complete record, no final decision can be made concerning plaintiff's entitlement to benefits.

## CONCLUSION

The Commissioner's motion for judgment on the pleadings (Dkt. # 8) is denied. Plaintiff's motion for remand (Dkt. # 14) is granted, and the case is remanded to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further development of the administrative record.

IT IS SO ORDERED.

---

**2.** Plaintiff correctly asserts that the holding in *DeChirico v. Callahan,* 134 F.3d 1177, 1184 (2d Cir.1998), does not relieve the ALJ of his obligation to develop the record with respect to her Workers' Compensation files. Although the *DeChirico* court denied the plain- tiff's request for a remand, the court determined that the ALJ's failure to request a 10–year old file was not injurious, as the file did not disturb the ALJ's findings concerning the claimant's disability.